Artis-Ray: Cash Jr.
453 South Spring street
Suite 400 PMB 1211
Los Angeles, CA 90013
831-346-2562
artiscashjr@yahoo.com

Artis-Ray: Cash Jr., IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray: Cash Jr.,<br>       Plaintiff,<br><br>vs.<br><br>Monterey Financial Services, LLC,<br>       Defendant. | Case No.: 2:25cv08008-DSF-(AGR)<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(Jury Trial Demanded)** |

## INTRODUCTION

1. This is an action for damages under the **Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)**, the **Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)**, and the **Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 et seq.)**.

2. Plaintiff initiated arbitration against Monterey under the binding arbitration clause in the Aloha Hawaii Tours & Travel agreement. However, on **August 25, 2025**, the **American Arbitration Association declined to administer the case** due to Monterey's noncompliance with AAA's Consumer Clause Registry. (Exhibit A).

3. Monterey's refusal to participate in arbitration constitutes a **default of the arbitration agreement**, giving Plaintiff the right to proceed directly in federal court.

**JURISDICTION AND VENUE**

4. Jurisdiction arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and § 1681p.

5. Venue is proper in this District because Plaintiff resides here, Defendant does substantial business here, and the events occurred here.

**PARTIES**

6. Plaintiff **Artis-Ray: Cash Jr.** is a natural person residing in Los Angeles, California.

7. Defendant **Monterey Financial Services, LLC** is a California limited liability company with headquarters in Oceanside, California.

**FACTUAL ALLEGATIONS**

8. Plaintiff disputed an alleged debt that Monterey was attempting to collect.

9. Monterey furnished false information to Experian, claiming the debt was "verified" without providing tangible proof such as signed contracts or account statements.

10. On **August 6, 2025**, Plaintiff submitted a formal dispute of the Monterey account.

11. On **August 15, 2025**, Plaintiff filed a **Demand for Arbitration** against Monterey with AAA (Exhibit B).

12. On **August 25, 2025**, AAA declined to administer the arbitration because Monterey is **not in compliance** with AAA's Consumer Clause Registry (Exhibit A).

13. Monterey's refusal to participate in arbitration demonstrates bad faith and prevents Plaintiff from obtaining relief outside of court.

14. Monterey's conduct has caused credit denials, higher interest rates, reputational harm, and emotional distress.

## CLAIMS FOR RELIEF

### COUNT I – FDCPA § 1692e(8) (False Representation / Failure to Communicate Disputed Status)

15. Monterey falsely represented that the alleged debt was verified without proof.

16. Monterey failed to properly communicate that the debt was disputed, in violation of § 1692e(8).

### COUNT II – FCRA § 1681s-2(b) (Furnisher Duties)

17. After receiving notice of Plaintiff's disputes from Experian, Monterey failed to:

- conduct a reasonable investigation,
- review relevant information,
- correct inaccuracies,
- report the account as disputed, and

- notify other consumer reporting agencies.

18. These failures violate § 1681s-2(b).

**COUNT III – Rosenthal Act (Cal. Civ. Code § 1788.17)**

19. Monterey engaged in unlawful collection practices, including harassment, false reporting, and misrepresentation of debt status.

**COUNT IV – Breach of Arbitration Agreement / Default**

20. Monterey is bound by the Aloha Hawaii Tours & Travel arbitration clause.

21. By failing to comply with AAA's requirements, Monterey defaulted on its obligation to arbitrate disputes.

22. Plaintiff is entitled to proceed in court and seek damages for bad faith breach of the arbitration agreement.

**DAMAGES REQUESTED**

Plaintiff seeks:

- Statutory damages under FDCPA ($1,000 per violation).

- Statutory damages under FCRA ($1,000 per violation).

- Statutory penalties under Rosenthal Act ($2,000).

- Actual damages for credit denials, higher costs of credit, reputational harm, and emotional distress.

- Punitive damages for willful misconduct.

- Injunctive relief requiring Monterey to delete the tradeline and cease unlawful reporting.

- Costs and reasonable attorney's fees (if counsel is retained).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Monterey as follows:

a. Actual, statutory, and punitive damages;

b. Declaratory and injunctive relief;

c. Costs of suit;

d. Any other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: August 25, 2025

*/s/ Artis-Ray Cash Jr.*

**Artis-Ray: Cash Jr.**

Plaintiff, Pro Se