UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08008-JWH-ADS | Date | September 23, 2025 |
| Title | *Artis-Ray Cash, Jr. v. Monterey Financial Services LLC* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER DENYING MOTION FOR RECONSIDERATION [ECF No. 11]**

On August 25, 2025, Plaintiff Artis-Ray Cash, Jr. filed a Complaint and a Request to Proceed *In Forma Pauperis*.[1] Cash asserts this action under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and state law.[2]

On September 12, 2025, the Court denied the IFP Request and ordered Cash to pay the $405 filing fee within 30 days.[3] The Court found that Cash had the ability to pay the filing fee because his total sources of funds, including wages and settlement awards, exceed his average monthly expenses.[4]

---

[1] Compl. (the "Complaint") [ECF No. 1]; Req. to Proceed *In Forma Pauperis* (the "IFP Request") [ECF No. 3].

[2] *See generally* Complaint.

[3] Order on the IFP Request [ECF No. 10].

[4] *Id.*

Now pending is Cash's motion for reconsideration, filed on September 12, 2025.[5] Cash alleges that the settlement awards are no longer available to him because he repaid debts and incurred ongoing medical expenses from an accident.[6] Thus, Cash allegedly "lacks the resources to pay the filing fee without sacrificing the necessities of life."[7] Attached to the Motion are a medical bill from June 2025 and two bank account statements showing low balances.[8]

Under the this Court's Local Rules, a party seeking reconsideration of an order must show: (a) a material difference in fact or law from that presented to the court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered; or (b) the emergence of new material facts or a change of law occurring after the Order was entered; or (c) a manifest showing of a failure to consider material facts presented to the court before the Order was entered. *See* L.R. 7-18. Cash does not explain how the allegations that he makes in his instant Motion fall under any part of that standard or any other relevant standard. For that reason alone, the Motion should be denied.

Nonetheless, Cash has not shown that reconsideration is warranted. The Court takes judicial notice of Cash's prior litigation history with in this Judicial District, which is inconsistent with his instant allegation that he spent his settlement awards on debts and medical expenses, and, thus, they are no longer available to him. In the instant action, Cash alleged on August 25, 2025, that he had received $16,500 in settlement awards within the prior 12 months.[9] His numerous lawsuits for that prior 12-month period, however, contain IFP Requests that affirmatively deny the expenditure of any similar amount for the repayment of debts or the payment of ongoing medical expenses from an accident.[10]

---

[5]     Mot. for Reconsideration of Order Denying the IFP Request (the "Motion") [ECF No. 11].

[6]     *Id.* at 1:24-27.

[7]     *Id.* at 2:1-2.

[8]     *Id.* at 5-7.

[9]     IFP Request 1.

[10]    *See Cash v. Credit Control, LLC*, Case No. 2:24-cv-08447-AH-E; *Cash v. Absolute Resolutions Investments LLC*, Case No. 2:24-cv-09093-SRM-MAA; *Cash v. Maximus, Inc.*, Case No. 2:24-cv-09094-RGK-AS; *Cash v. Resurgent Capital Services, LP*, Case No. 2:24-cv-10356-ODW-SK; *Cash v. Convergent Outsourcing, Inc.*, Case

Likewise, Cash's attachments—the medical bill and bank account statements—fail to show that reconsideration is warranted. The medical bill is inconclusive as to Cash's actual financial liability because it is "subject to revision based on actual coverage when paid."[11] The medical bill also is inconsistent with Cash's litigation history, recounted above, showing IFP requests denying any personal liability for medical expenses. The bank account statements, for two personal accounts solely in Cash's name with low balances,[12] also are unpersuasive in light of Cash's history of alleging that the settlement funds were received by his limited liability company, not by him personally.[13] Indeed, Cash previously submitted personal bank statements, showing similarly low balances, in a case in which the court ultimately found that Cash had failed to disclose multiple settlement awards.[14]

Finally, Cash's recent litigation history shows inconsistent statements about his current financial circumstances, further demonstrating that *in forma pauperis* status is not warranted. *See Dunn v. Social Security Administration*, 2025 WL 2597502, at *2 n.1 (E.D. Cal. Aug. 19, 2025) (denying IFP request in part because of inconsistencies in various IFP applications that Cash had filed in the District). In the instant action, Cash's report of $16,500 in settlement awards is inconsistent with his report of $14,000 in settlement awards in another contemporaneous case.[15] That discrepancy further supports a finding that Cash failed to meet the burden of alleging poverty "with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

---

No. 2:25-cv-00663-AB-PD; *Cash v. TransUnion LLC*, Case No. 2:25-cv-00961-RGK-AS; *Cash v. Housing Authority*, Case No. 2:25-cv-00962-WLH-DFM; *Cash v. Radius Global Solutions, Inc.*, Case No. 2:25-cv-01481-DMG-JDE; *Cash v. Penn Credit Corporation*, Case No. 2:25-cv-01483-MWF-AS; *Cash v. Experian Information Solutions, Inc.*, Case No. 8:25-cv-01853-MRA-ADS.

[11]   Motion 5.

[12]   *Id.* at 6-7.

[13]   *See Cash v. Transunion LLC*, Case No. 2:25-cv-00961-RGK-AS; *Cash v. Radius Global Solutions LLC*, Case No. 2:25-cv-01481-DMG-JDE; *Cash v. Experian Information Solutions, Inc.*, Case No. 8:25-cv-00165-JWH-ADS.

[14]   *See Cash v. Diverse Funding Associates, LLC*, Case No. 2:24-cv-10354-WLH-SK.

[15]   *See Cash v. TransUnion LLC,* Case No. 2:25-cv-08328-PA-AJR.

For those reasons the Court **ORDERS** that Cash's instant Motion for reconsideration [ECF No. 11] is **DENIED**.

**IT IS SO ORDERED.**